UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :

                                   :

               v.                          :

                                   :

JUWAN ANDERSON,                              :

                                   :

               Defendant.                   :
--------------------------------------------------------------------X

**ORDER**
22-CR-428 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge**: On December 1, 2023, Defendant pled guilty to Count Two of a three-count Indictment, charging him with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). Indictment ¶¶ 8-9, ECF No. 1; Plea Agreement ¶ 1, ECF No. 83. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to 63 months of imprisonment followed by two years of supervised release with both standard and special conditions. Forfeiture is ordered in accordance with the Order of Forfeiture. ECF No. 87. The Court also orders a $100.00 mandatory special assessment and restitution in the amount of $402,639.00.

## I. Background

On July 24, 2022, Defendant and two co-defendants entered the Leaders of Tomorrow church in Brooklyn, New York, and interrupted church services. Presentence Investigation Report ("PSR") ¶¶ 7, 9, ECF No. 107. Defendant and his co-defendants proceeded to steal jewelry and personal items from Bishop Lamar Whitehead, the founder and lead pastor of the Leaders of Tomorrow, and his wife, Asia Whitehead. *Id.* ¶¶ 7-9. One of Defendant's co-defendants brandished a firearm during the course of the robbery. *Id.* ¶ 9. The jewelry and personal items stolen included necklaces, earrings, rings, a watch, and a cross. *Id.* Further, while Leaders of Tomorrow generally solicits donations through a cloud-based online payment system, Leaders of Tomorrow did not solicit donations on July 24, 2022 as a result of the robbery. *Id.* ¶¶ 7, 9.

On September 28, 2022, Defendant was arrested by agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). *Id.* ¶ 10.

1

On September 21, 2022, the Government filed an Indictment charging Defendant with one count of Hobbs Act Robbery Conspiracy, in violation of 18 U.S.C. § 1951(a); one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); and one count of possessing and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii).  Indictment, ECF No. 1.  The Indictment included forfeiture allegations for all counts.  *Id.* ¶¶ 12-15.

On December 1, 2023, Defendant pled guilty to Count Two of the Indictment, charging him with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a).  Indictment ¶¶ 8-9; Plea Agreement ¶ 1, ECF No. 83.  As part of his plea agreement, Defendant agreed not appeal or otherwise challenge his conviction or sentence if the Court imposes a term of imprisonment at or below 71 months.  Plea Agreement ¶ 4.

## II.  Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case.  The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C. § 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form."  *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)."  *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y.

2

Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## III. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### 1.    Family and Personal Background

Defendant was born on September 14, 1998 in Brooklyn, New York to Kisha Johnson. PSR ¶ 38. Defendant was raised by his mother and, until his deportation Guyana, Osafa Anderson in a stable and loving home in Brooklyn, New York. *Id.* ¶¶ 38-39, 44. Both Defendant's mother and Mr. Anderson are aware of the instant prosecution and remain supportive. *Id.* ¶ 38. Although he was well cared for, Defendant reported losing various family members and witnessing frequent shootings and fights in his neighborhood as a child, which had a lasting effect on him. *Id.* ¶¶ 39-40; *see also* Defense Sentencing Memorandum ("Def. Mem.") at 6, ECF Nos. 124, 127.

#### 2.    Educational and Employment History

Defendant received a high school diploma from Penn Foster High School through a Job Corps program. *Id.* ¶ 56. Defendant has also received an OSHA-10 training license, basic HVAC certification, basic maintenance training, a National Center for Construction Education and Research certificate, and a Gastite certificate for installation of gas piping through Job Corps. *Id.* ¶ 58.

3

Prior to his arrest for the instant offense, Defendant held various jobs, including as a delivery driver for LaserShip, a sales floor team member at Target, a package handler at FedEx, a maintenance worker for Beacon Care Group, and a team member at McDonald's. *Id.* ¶¶ 61-67.

3.    Prior Convictions

Defendant has no prior convictions. *Id.* ¶¶ 30-31. Defendant was arrested on October 29, 2022 by New York City Police Department officers and charged with two counts of misdemeanor assault in the third degree, one count of misdemeanor attempted assault in the third degree, one count of misdemeanor menacing in the third degree, and harassment in the second degree (a violation) following a fight with his girlfriend. *Id.* ¶¶ 4, 36; Second Addendum to the PSR at 2, ECF No. 135. However, these charges were dismissed and the case was sealed in Defendant's favor. Def. Objections to the PSR, ECF No. 132-1; Second Addendum to the PSR at 2.

4.    Physical and Mental Health

For the past two and a half years, Defendant has suffered from abscesses on his legs that make it difficult for him to walk. *Id.* ¶ 49. Defendant also suffered a head injury when he was nine years old, although he experiences no lasting effects from this incident. *Id.* ¶ 50.

As for mental health, the Court has read and considered the forensic psychiatric report submitted by defense counsel, which suggests Defendant suffers from trauma stemming from losses he experienced as a child. Ex. B. to Def. Mem.

5.    Substance Abuse

While Defendant reported using marijuana and consuming alcohol socially, he otherwise has no history of substance use. *Id.* ¶¶ 53-55.

6.    Nature and Circumstances of the Offense

The Court's previous statements make clear the nature and circumstances surrounding the instant offense. *See supra* Part I.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved robbing a pastor and his wife in the middle of church services. *See supra* Part I. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his crimes.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count Two of the Indictment, charging him with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a). This offense carries a maximum term of imprisonment of 20 years and no minimum term of imprisonment. 18 U.S.C. § 1951(a). Defendant faces a maximum of three years of supervised release and no minimum term of supervised release. 18 U.S.C. § 3583(b)(2). If a condition of release is violated, Defendant may be sentenced to up to two years of imprisonment without credit for pre-release imprisonment or time previously served on post release supervision. 18 U.S.C. § 3583(e). Defendant is eligible

5

for a term of probation of not less than one nor more than five years. 18 U.S.C. § 3561(c)(1). Unless extraordinary circumstances exist, one of the following must be imposed as a condition of probation: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2). Defendant faces a maximum fine in the amount of $250,000.00, 18 U.S.C. § 3571(b)(3), although Defendant appears unable to pay such a fine, PSR ¶ 76. Defendant also faces as a mandatory special assessment of $100.00 per count. 18 U.S.C. § 3013. Finally, restitution is mandatory pursuant to 18 U.S.C. § 3663A.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

The applicable Guidelines provision for violations of 18 U.S.C. § 1951(a), as contained in Count Two of the Indictment, is U.S.S.G. §2B3.1. U.S.S.G. §2B3.1(a) provides for a base offense level of 20. Although Defendant did not personally brandish a firearm, because his co-defendant's brandishing of a weapon was reasonably foreseeable to him, a five-level enhancement applies pursuant to U.S.S.G. §2B3.1(b)(2)(C). *See also* PSR ¶ 10. Because the loss amount is more than $95,000.00 but less than $500,000.00, an additional two levels are added pursuant to U.S.S.G. §2B3.1(b)(7)(C). Defendant's timely acceptance of responsibility results in a three-level reduction pursuant to U.S.S.G. §3E1.1. This brings Defendant's total adjusted offense level to 24. All parties agree with these calculations. Def. Mem at 1; Government Sentencing Memorandum ("Gov't Mem.") at 5, ECF No. 128; PSR ¶¶ 18-29; *see also* Plea Agreement ¶ 2.

Because Defendant has no prior convictions, he has a criminal history score of zero. PSR ¶¶ 31-32. This results in a criminal history category of I. U.S.S.G. §5A. A total adjusted offense level of 24 and a criminal history category of I result in a Guidelines imprisonment range of between 51 and 63 months. U.S.S.G. §5A. All parties agree with this calculation. PSR ¶ 78; Def. Mem. at 1; Gov't Mem. at 5.

That said, the parties' recommendations as to an appropriate sentence vary.

Probation recommends a bottom-of-the-Guidelines sentence of 51 months of custody followed by two years of supervised release with special conditions. Probation Recommendation at 1, ECF No. 107-1. Probation also recommends restitution in the amount of $402,639.00, due immediately and payable at a rate of $25.00 per quarter while in custody, and at a rate of 10% of gross monthly income while on supervised release. *Id.* Probation also recommends payment of the $100.00 special assessment. *Id.* Probation does not recommend the Court impose a fine, as Defendant appears unable to pay. *Id.* at 2.

Probation argues a sentence of 51 months is warranted given the history and characteristics of Defendant and the gravity of the instant offense, which involved participation in an armed robbery during a live-streamed and in-person church service. *Id.* at 1-2.

Defense counsel requests a below-Guidelines sentence of probation. Def. Mem. at 1, 8. Defense counsel argues such a sentence is warranted given the sentencing practices for similarly situated defendants in the Eastern District of New York, discussed *infra* Part III-F, and Defendant's relative culpability compared to his co-defendants. *Id.* at 3.

As to relative culpability, defense counsel argues Defendant played the most limited role in the crime of all three participants and, unlike his co-defendants, did not brandish or possess a firearm. *Id.* Further, defense counsel argues Defendant did not use force or the threat of force

against the victims but was rather responsible for collecting the jewelry after it had been removed and driving away from the scene of the crime. *Id.* While defense counsel acknowledges Defendant is responsible for the actions of his co-defendants, defense counsel argues Defendant's limited role warrants a lesser sentence. *Id.*

Defense counsel also argues Defendant's relative youth and lack of significant criminal history, the losses he experienced and the violence he witnessed as a child, and his conduct while on pretrial release warrant a below-Guidelines sentence. *Id.* at 4, 6-7.

Defense counsel objects to the entry of restitution against Defendant. *Id.* at 2. Defense counsel points out the Government has the burden of proving the restitution amount, which is only authorized for actual losses directly caused by the conduct underlying the offense of conviction. *Id.* (citing *United States v. Silkowski*, 32 F.3d 682, 689 (2d Cir. 1994)). Defense counsel argues the Government has failed to meet its burden of proof in demonstrating the value of the jewelry by a preponderance of the evidence, rendering an order of restitution improper. *Id.* Alternatively, defense counsel argues a hearing is required to calculate the loss amount. *Id.*

In particular, defense counsel argues the photographs of appraisal records the Government relies on are not self-authenticating, and, because nothing in the PSR or the Government's discovery productions establishes their chain of custody or authenticity, are insufficient to satisfy the Government's burden. *Id.* at 1-2. Further, defense counsel argues because these photos likely came from Mr. Whitehead, who was recently convicted of fraud charges and whose dishonesty is well documented, these photos cannot reliably establish actual loss amount. *Id.* at 2.

The Court has read and considered the forensic psychiatric report submitted by defense counsel with the sentencing submission, Ex. B to Def. Mem., as well as the letters submitted by

the Focus Forward Project and Defendant's loved ones, Exs. C, D, and E to Def. Mem. These letters describe Defendant as a loving and respectful man who is committed to turning his life around, both for himself and for his family, and using this experience to help others make positive changes in their lives. *Id.* The Court appreciates what Defendant's advocates have said on his behalf.

The Government recommends a sentence within the Guidelines range of 51 to 63 months, followed by a term of supervised release. Gov't Mem. at 1, 9. The Government also recommends restitution in the amount of $402,639.00. *Id.*

The Government argues a sentence within the Guidelines range is warranted because Defendant participated in a "violent, brazen robbery in a place of worship where individuals had come to pray, seek solace, to find peace." *Id.* at 5. The Government disagrees with defense counsel that Defendant's lack of criminal convictions warrants a downward departure, noting the Guidelines range already reflects his criminal history. *Id.* at 6. Additionally, the Government does not believe Defendant's youth at the time of the crime warrants a downward departure, as nothing about his "age at the time of his crimes is 'so unusual or extraordinary to justify a downward departure' or downward variance." *Id.* (quoting *United States v. Lyttle*, 460 F. App'x 3, 10 (2d Cir. 2012) (summary order)).

The Government recommends restitution in the amount of $402,639.00. *Id.* at 8. In responding to defense counsel's objections, the Government asserts it "received the majority of these records from an attorney representing" Mr. Whitehead, and defense counsel "has provided no valid basis on which to challenge their authenticity." *Id.*

This Court appreciates the sentencing arguments raised by all parties and has considered each of these arguments in turn.

### E.  Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission."  18 U.S.C. § 3553(a)(5).

Defense counsel argues Defendant's youth—he was 23 years old when he participated in the robbery—may be grounds for a downward departure.  Def. Mem. at 4.  Defense counsel directs the Court to the now-effective Amendment to U.S.S.G. §5H1.1 (Policy Statement) as grounds for such a downward departure.  Def. Mem. at 5.  The Amendment reads, in pertinent part, as follows:

> A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses.  Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships.  In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood.  Youthful individuals also are more amenable to rehabilitation.

The parties have not drawn the Court's attention to any other applicable policy statements.  Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F.  The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).

Defense counsel argues sentencing Defendant within the Guidelines range would result in sentence disparities among defendants convicted of the same crime.  Specifically, defense counsel notes the median sentence in the Eastern District of New York for the crime Defendant is charged with is less than two years of imprisonment.  Def. Mem. at 3.  Defense counsel further notes the median and average sentence for the 28 people with criminal history category I who

were sentenced for Hobbs Act Robbery convictions in this District in the last two years was 23 months and 37 months, respectively. *Id.* at 3-4. Each of these sentencing figures is well below the Guidelines range of 51 to 63 months. *Id.* at 3-4.

The Government argues a Guidelines sentence would not create sentence disparities among similarly situated defendants, and points out the inquiry is about avoiding national, rather than intra-district, sentencing disparities. Gov't Mem. at 7. The Government notes the average sentence for Hobbs Act Robbery *nationally* in the past two years was 52 months, which is within the Guidelines range. *Id.*

The Government is correct in pointing out § 3553(a)(6) only requires a district court to consider nationwide sentence disparities. *See United States v. Kanagbou*, 726 F. App'x 21, 25 (2d Cir. 2018) (summary order); *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008). The Court has considered both parties' arguments concerning defendants similarly situated to Defendant and the sentences they receive. For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

**G. The Need to Provide Restitution**

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). As explained previously, restitution is mandatory in this case pursuant to 18 U.S.C. § 3663A. Both Probation and the Government recommend restitution in the amount of $402,639.00, although Probation notes victims have not yet provided an affidavit of loss. Gov't Mem. at 1, 9; Probation Recommendation at 1; PSR ¶ 15; Second Addendum to the PSR at 1. As previously stated, defense counsel argues the Government has failed to meet its burden of proof with respect to this

loss amount. *See supra* Part III-D. The Court reserves its right pursuant to 18 U.S.C. § 3664(d)(5) to hold an evidentiary hearing within 90 days after this sentencing to determine any additional amounts owed to Defendant's victims.

## IV. Conclusion

When a criminal invaded Mother Emanuel Church, President Obama stated a church is more than a space. Historically, he stated, African Americans seeking liberty founded churches like Mother Emanuel, a church burned to the ground because its worshippers worked to end slavery. When there were laws banning all-black church gatherings, worshippers conducted services in secret. When there was a nonviolent movement to bring our country closer in line with our highest ideals, some of our brightest leaders spoke and led marches from those particular churches' steps. Mother Emanuel holds a sacred place in the history of Charleston and, indeed, all America.

However, Mother Emanuel does not stand alone. Every church, every synagogue, every mosque, every temple, indeed, every place of worship in America provides Americans constitutionally protected sacred space. To have armed gunmen enter, attacking worshippers, undermines the very fabric of our right to exercise freedom of religion safely and securely. However a pastor, bishop, rabbi, imam, or other religious leader has acquired wealth never justifies armed criminals terrorizing innocent men, women, and children at prayer. Defendant drove his colleagues to and from the crime in his BMW. He proudly flashed the watch he stole. The crimes of the bishop, real or imagined, could never justify his crimes against these innocents.

For the reasons set forth above, the Court imposes a sentence of 63 months of imprisonment to be followed by two years of supervised release with both standard and special

conditions. Forfeiture is ordered in accordance with the order of forfeiture. ECF No. 87. The
Court also orders a $100.00 mandatory special assessment and restitution in the amount of
$402,639.00. This sentence is sufficient but no greater than necessary to accomplish the
purposes of § 3553(a)(2). The Court does not impose a fine because Defendant appears unable
to pay a fine.

The Court expressly adopts the factual findings of the Presentence Investigation Report,
ECF No. 107, and addenda thereto, ECF Nos. 123, 135, barring any errors contained therein, to
the extent those findings are not inconsistent with this opinion and imposes the standard and
special conditions of release proposed by the Probation Department.

**SO ORDERED.**

# s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2024
Brooklyn, New York